IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEON MICHAEL GRIER, )<br>  )<br>        Plaintiff,       )<br>  )<br>    v.                     )<br>  )<br>JOSEPH R. DeMARCHIS, *et al.*, )<br>  )<br>        Defendants.       ) | Civil Action No. 07-138<br><br>Judge McVerry<br>Magistrate Judge Caiazza |

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

#### I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

#### II. **REPORT**

The Plaintiff, Deon Michael Grier ("Grier" or "the Plaintiff"), a state pretrial detainee confined at the Westmoreland County Jail, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Grier alleges that his trial on pending state charges has not commenced and that more than 180 days have elapsed since his arrest. As relief, he seeks a dismissal of the state criminal charges and "1000 a day for false imprisonment" - apparently a request for damages.

  A.  **Applicable law.**

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison

Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires federal courts to review prisoner complaints that seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief", the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, actions in which litigants are permitted to proceed in *forma pauperis* must be reviewed pursuant to Section 1915(e) of the PLRA. The court is directed to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Grier is considered a "prisoner" as that term is defined under the PLRA. 28 U.S.C. §§ 1915(h); 1915A(c). The Defendants are a state district justice and a police officer; both Defendants are employees of governmental entities. The Plaintiff also seeks permission to proceed in *forma pauperis.* (Doc. 1). Thus, Gier's allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A and 1915(e).

In reviewing complaints under 28 U.S.C. §§ 1915A and 1915(e), a federal court applies the same standard applicable to

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

**B. Analysis**

Grier seeks two types of relief: (1) dismissal of the pending state criminal charges; and (2) "1000 a day for false imprisonment" – which this court interprets as a claim for monetary damages.

First, Grier cannot seek dismissal of criminal charges in a §1983 action; a federal habeas corpus petition "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Clearly, this action is frivolous to the extent that Grier seeks relief which can only be sought through a habeas corpus action.[1]

Furthermore, Grier cannot seek damages for false

---

1. Grier's Complaint seems to be centered upon a perceived violation of Pennsylvania Rule of Criminal Procedure 600 which requires a trial to commence within 180 after a written criminal complaint is filed. Pa. R. Crim. P. 600(A)(2).

imprisonment. Where the validity of a state court criminal conviction is at issue, a §1983 plaintiff must allege and prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Absent such allegations, a §1983 claim must be dismissed. Parenthetically, the Heck bar applies equally to a claim -as Grier makes here- which would call into question the validity of criminal charges which remain pending in state court. Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). Hence, the Plaintiff's claim for damages is barred by Heck.

As a final note, one of the named defendants is a state District Justice who conducted Grier's preliminary hearing. This Defendant enjoys absolute judicial immunity from a §1983 action, Mireles v. Waco, 502 U.S. 9, 11 (1991), and would be dismissed from this action even if the rule in Heck was not a complete bar to Grier's §1983 claim.

### III CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

-4-

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 26, 2007.

February 9, 2007              *Francis X. Caiazza,*
                              Francis X. Caiazza
                              United States Magistrate Judge

cc: Deon Michael Grier
    1866-06
    Westmoreland County Jail
    3000 South Grande Boulevard
    Greensburg, PA 15601